Hon. Daniel F. Carbone Village Attorney, Saranac Lake
This is in response to your request for our opinion as to the permissibility of two proposed local laws.
You ask whether the village may issue bonds for the purpose of creating mortgage money for the private housing sector. We conclude that the village may not do so, for the following reasons.
Article VIII, § 2 of the State Constitution provides that a village shall not contract any indebtedness except for a village purpose. The subsidization of private housing is not a village purpose.
Article XVIII of the State Constitution authorizes certain State and municipal activities with respect to low-income housing, but section 10 of such Article expressly limits the scope of those activities by providing that nothing in Article XVIII shall be deemed to authorize or empower the State or any village to engage in any private business or enterprise other than the building and operation of low-rent dwelling houses for persons of low income as defined by law, or the loaning of money to owners of existing multiple dwellings as therein provided. We parenthetically note that Local Finance Law, § 11 (41), to which you refer, does not apply to private homes.
Under the circumstances, the issuance of bonds to create mortgage money for private home buyers would constitute a loan of village money to an individual or private undertaking, and a use of the village's credit, in violation of Article VIII, § 1 of the State Constitution.
You also state that the village board wishes to encourage the cleanup and improvement of private and commercial buildings in the community, and you inquire whether the board may enact a local law granting special real property tax treatment to those building owners who improve the facades of their buildings. The local law would prevent the assessor from considering the improvement to a facade for a limited period of time,e.g. ten years, in determining the property value.
All real property within the State is subject to taxation, special ad valorem levies and special assessments unless specifically exempted therefrom by statute (Real Property Tax Law, § 300). An exemption from taxation may be granted only by a general law (NY Const, Art XVI, § 1). Since only the Legislature may enact a general law (NY Const, Art IX, § 3, subd d, par 1; Municipal Home Rule Law, § 2, subd 5), there is no authority for the village to grant the special real property tax treatment you propose.